IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CAREL HANEKOM,<br><br>    Plaintiff,<br><br>vs.<br><br>GOLDEN OPPORTUNITIES INTERNATIONAL, LLC,<br><br>    Defendant. | No. 3:23-cv-3046-LTS-KEM |
| GOLDEN OPPORTUNITIES INTERNATIONAL, LLC,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>KUCHENBECKER EXCAVATING, INC. and H&S FARMS – LIVESTOCK, LLC,<br><br>    Third-Party Defendants. | GOLDEN OPPORTUNITIES INTERNATIONAL, LLC'S AMENDED THIRD-PARTY COMPLAINT |

Defendant and Third-Party Plaintiff Golden Opportunities International, LLC ("Golden Opportunities"), for its Amended Third-Party Complaint against Kuchenbecker Excavating, Inc. ("Kuchenbecker") and H&S Farms – Livestock, LLC ("H&S"), states:

1.    Golden Opportunities is a Tennessee limited liability company.

2.    Kuchenbecker is an Iowa for-profit corporation registered with the Iowa Secretary of State as maintaining its home office in Rake, Iowa.

3.    H&S is an Iowa limited liability company registered with the Iowa Secretary of State as maintaining its home office in Buffalo Center, Iowa.

4. Golden Opportunities entered into Agency Agreements ("Agreements") with Kuchenbecker and H&S to assist them in navigating and fulfilling the regulatory requirements in connection with the use of legal, foreign, nonimmigrant workers on a seasonal or temporary basis.

5. Under the Agreements, Kuchenbecker and H&S were required to provide accurate and complete information for visa applications.

6. Golden Opportunities reasonably relied upon information provided by Kuchenbecker and H&S.

7. Kuchenbecker and H&S were provided annual opportunities to update and/or correct information before filing additional visa applications.

8. Kuchenbecker, H&S, and their respective agents signed the visa applications with a declaration that all information contained therein was true and correct, under penalty of perjury.

9. The Agreements further included a notice to Kuchenbecker and H&S regarding the potential consequences of violating H-2A visa regulations.

10. Based on information provided by Kuchenbecker and H&S, Golden Opportunities assisted Kuchenbecker and H&S in the submission of a series of H-2A visa applications, including but not limited to:

    a. H-300-20296-885293 (Kuchenbecker, 1/1/2021 to 8/30/2021),

    b. H-300-21138-321399 (H&S, 8/1/2021 to 1/31/2022),

    c. H-300-22007-816540 (Kuchenbecker, 3/8/2022 to 8/30/2022),

    d. H-300-22138-184336 (H&S, 8/1/2022 to 1/31/2023), and

    e. H-300-22291-535506 (Kuchenbecker, 1/1/2023 to 8/30/2023).

11. Unknown to Golden Opportunities, and contrary to representations reasonably replied upon by Golden Opportunities, Kuchenbecker and H&S effectively operated as a single entity.

12. Unknown to Golden Opportunities, and contrary to representations reasonably replied upon by Golden Opportunities, Kuchenbecker and H&S assigned their H-2A workers, including Plaintiff Carel Hanekom ("Hanekom"), nonapproved job duties.

13. Unknown to Golden Opportunities, and contrary to representations reasonably replied upon by Golden Opportunities, Kuchenbecker and H&S assigned long-haul trucking duties to their H-2A workers, including Hanekom.

14. Unknown to Golden Opportunities, and contrary to representations reasonably replied upon by Golden Opportunities, Kuchenbecker and H&S required their H-2A workers, including Hanekom, to work at nonapproved job locations.

15. Unknown to Golden Opportunities, and contrary to representations reasonably replied upon by Golden Opportunities, Kuchenbecker and H&S required their H-2A workers, including Hanekom, to stay in nonapproved housing.

16. Unknown to Golden Opportunities, and contrary to representations reasonably replied upon by Golden Opportunities, Kuchenbecker and H&S failed to provide their H-2A workers, including Hanekom, access to food and cooking facilities.

17. Unknown to Golden Opportunities, and contrary to representations reasonably replied upon by Golden Opportunities, Kuchenbecker and H&S paid its H-2A workers, including Hanekom, less than was required by applicable regulations given the assigned duties, locations, hours, and benefits.

18. This Court has personal jurisdiction over Kuchenbecker and H&S, supplemental jurisdiction over this third-party claim pursuant to 28 U.S.C. § 1367, and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## Count I (Indemnification)

19. Golden Opportunities repleads and incorporates paragraphs 1–18 of this Third-Party Complaint as if set forth fully herein.

20. Paragraph 7 of the Agreements between Golden Opportunities and Kuchenbecker and H&S provides:

> <u>Indemnification</u>. Client agrees to fully indemnify and hold harmless Agency, its owners, officers, directors, workers, agents or affiliated entities, their respective successors and assigns for any actions, claims, demands or proceedings against Agency resulting out of or related to the Agency's services to Client as set forth in this Agreement, including, but not limited to, those resulting from the Client's failure to meet – or the violation of – any and all regulatory and legal requirements in connection with the hiring/labor/ workers contemplated herein. The indemnity shall include, but not be limited to, any judgment, fines, charges, as well as attorney's fees and costs, which Agency incurs as the result of such claims or action. It is the intent of these provisions that Client shall fully indemnify, protect and hold harmless Agency from any and all such claims.

21. Kuchenbecker and H&S failed to fulfill their obligations under the Agreements in numerous respects, including but not limited to the following:

   a. Kuchenbecker and H&S made fraudulent misrepresentations to Golden Opportunities, including but not limited to the representation that Kuchenbecker and H&S were separate entities with separate business operations;

   b. Kuchenbecker and H&S failed to provide accurate or complete information to Golden Opportunities in connection with visa applications, including but not limited to the nature of work duties, job locations, housing locations, and benefits; and

   c. Kuchenbecker and H&S violated legal and regulatory requirements of the H-2A visa program, including but not limited to requirements to submit accurate applications, assign only approved job duties at approved locations, provide workers with approved housing and benefits, and pay all required wages.

22. Kuchenbecker and H&S's violation of legal and regulatory requirements of the H-2A visa program has resulted in this litigation and Hanekom's claims against Golden Opportunities.

23. Golden Opportunities has incurred and will continue to incur attorney fees and litigation expenses in the defense claims made against it in this action.

24. Pursuant to their Agreements with Golden Opportunities, Kuchenbecker and H&S are required to fully indemnify and hold harmless Golden Opportunities from all claims, including Hanekom's claims against Golden Opportunities in this action.

25. Pursuant to its indemnification from Kuchenbecker and H&S, Golden Opportunities is entitled to recover the full amount of its attorney fees, litigation expenses, and any judgment which may be entered against Golden Opportunities or any other payment Golden Opportunities may make as a result of this litigation.

26. Golden Opportunities is further entitled to recover all attorney fees and expenses incurred in enforcing its right to indemnification from Kuchenbecker and H&S.

Wherefore, Third-Party Plaintiff Golden Opportunities International, LLC respectfully requests the Court (1) enter an order finding Kuchenbecker and H&S have breached their Agency Agreements by refusing to defend, indemnify, and hold harmless Golden Opportunities in this action, (2) enter judgment against Kuchenbecker and H&S for all damages and costs incurred by Golden Opportunities in this action, including but not limited to any judgment which may be entered against Golden Opportunities and all attorney fees and costs incurred in defending this action, and (3) enter judgment against Kuchenbecker and H&S for breach of contract damages plus costs, interest, and attorney fees.

## Count II (Breach of Contract)

27. Golden Opportunities repleads and incorporates paragraphs 1–26 of this Third-Party Complaint as if set forth fully herein.

28. Paragraph 8 of the Agreements between Golden Opportunities and Kuchenbecker and H&S provides:

> <u>Attorney's Fees</u>. In the event Agency incurs attorney's fees or other legal costs in connection with enforcement of this Agreement or the Client's violation hereof, in addition to all other remedies it may be entitled to, the Client shall be responsible for all reasonable attorney's fees and costs incurred by Agency as a result of Client's wrongful conduct.

29. Kuchenbecker and H&S have breached their Agreements with Golden Opportunities in numerous respects, including but not limited to the following:

   a. Kuchenbecker and H&S made fraudulent misrepresentations to Golden Opportunities, including but not limited to the representation that Kuchenbecker and H&S were separate entities with separate business operations;

   b. Kuchenbecker and H&S failed to provide accurate or complete information to Golden Opportunities in connection with visa applications, including but not limited to the nature of work duties, job locations, housing locations, and benefits; and

   c. Kuchenbecker and H&S violated legal and regulatory requirements of the H-2A visa program, including but not limited to requirements to submit accurate applications, assign only approved job duties at approved locations, provide workers with approved housing and benefits, and pay all required wages.

30. In relation to this action, Golden Opportunities tendered its defense and demanded indemnification from Kuchenbecker and H&S in a letter to their attorney dated January 4, 2024.

31. Kuchenbecker and H&S have wrongfully refused to defend, indemnify, and hold harmless Golden Opportunities in this action, which refusal is an additional breach of contract.

32. Kuchenbecker and H&S's breach of contract has caused and will continue to cause damages to Golden Opportunities, including but not limited to attorney fees, litigation expenses, and any judgment which may be entered against Golden Opportunities or any other payment Golden Opportunities may make as a result of this litigation.

33. The damages incurred by Golden Opportunities exceed the jurisdictional minimum of this Court.

Wherefore, Defendant and Third-Party Plaintiff Golden Opportunities International, LLC respectfully requests the Court (1) enter an order finding Kuchenbecker and H&S have breached their Agency Agreements by refusing to defend, indemnify, and hold harmless Golden Opportunities in this action, (2) enter judgment against Kuchenbecker and H&S for all damages and costs incurred by Golden Opportunities in this action, including but not limited to any judgment which may be entered against Golden Opportunities and all attorney fees and costs incurred in defending this action, and (3) enter judgment against Kuchenbecker and H&S for breach of contract damages plus costs, interest, and attorney fees.

PICKENS, BARNES & ABERNATHY

By  *Bradley Kaspar*
Bradley J. Kaspar AT0012308
1800 First Avenue NE, Suite 200
P.O. Box 74170
Cedar Rapids, Iowa 52407-4170
PHONE: (319) 366-7621
FAX: (319) 366-3158
EMAIL: bkaspar@pbalawfirm.com

ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF GOLDEN OPPORTUNITIES INTERNATIONAL, LLC

Copies to:

Rubi Cordova
IOWA LEGAL AID
532 First Avenue, Suite 300
Council Bluffs, IA 51503

Dan Feltes
IOWA LEGAL AID
1700 S. 1st Ave., Suite 10
Iowa City, IA 52240

Alexander Vincent Kornya
IOWA LEGAL AID
666 Walnut Street, Floor 25
Des Moines, IA 50309

Madeline Flynn
Lori Johnson
FARMWORKER JUSTICE
1126 16th St NW Suite LL-101
Washington, DC 20036

ATTORNEYS FOR PLAINTIFF

Alison F. Kanne
Benjamin G. Arato
WANDRO, KANNE & LALOR, PC
2015 Grand Avenue Suite 102
Des Moines, IA 50312

ATTORNEYS FOR THIRD-PARTY DEFENDANTS KUCHENBECKER EXCAVATING, INC. and H&S FARMS – LIVESTOCK, LLC

---

**CERTIFICATE OF SERVICE**

I certify this document was served on September 23, 2024 upon all parties by serving the attorney(s) of record at their respective addresses disclosed on the pleadings. Service was made by:

☒ CM/ECF ☐ Email
☐ Hand Delivery ☐ USPS

_/s/ Diane N. Myhre_